UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| STEVEN G. BRAME, | ) |
| | ) |
|    Movant, | ) |
| | ) |
| v. | ) |
| | ) Crim. No. 06-53-P-H |
| UNITED STATES OF AMERICA, | ) Civil No. 10-178-P-H |
| | ) |
|    Respondent | ) |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

In 2006 Steven Brame was charged with "(1) <u>possession</u> of five grams or more of cocaine base in violation of 21 U.S.C. § 844(a) (Count One); (2) possession of a handgun during and in relation to the felony described in Count One, in violation of 18 U.S.C. § 924 (Count Two); (3) possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Three); and (4) possession of a firearm that had an obliterated manufacturer's serial number in violation of 18 U.S.C. §§ 922(k) and 924(a)(2) (Count Four)." United States v. Brame, 284 Fed.Appx. 815, 817-818, 2008 WL 2697671, 2 (1st Cir. 2008) (emphasis added). He pled guilty to these charges and received a sentence of 144 months. I have reviewed this motion pursuant to Rule Governing Section 2255 Proceedings 4(b) and recommend that the Court deny Brame 28 U.S.C. § 2255 relief because it is facially untimely and, even if it were not, he does not have a sustainable § 2255 ground.

*Discussion*

Brame contends that his 28 U.S.C. § 2255 motion, filed on May 7, 2010, is timely but it is not. Brame did take a direct appeal to the First Circuit Court of Appeals and, when that was unsuccessful, he petitioned for a writ of certiorari in the United States Supreme Court. That

request was denied on March 9, 2009.  See Brame v. United States, 08-8530, 129 S.Ct. 1598 (Mar. 9, 2009).  In his form 28 U.S.C. § 2255 motion Brame contends that the clerk of the Supreme Court denied his "direct appeal" in July 2009, but that is patently not the case.  His conviction became final on March 9, 2009, and he did not file this 28 U.S.C. § 2255 motion until May 7, 2010.  Brame's 28 U.S.C. § 2255 motion is untimely and should be denied because his 28 U.S.C § 2255(f)(1) one-year statute of limitation has run.

    I add, only briefly, that even if Brame's § 2255 motion were not untimely, he has not presented claims that could entitle him to substantive relief.  The fulcrum of both his § 2255 claims is his belief that his punishment is premised on his status as a drug trafficker when, in fact, he was only guilty of drug possession.

    On Brame's direct appeal, the First Circuit explained:

> Brame contends that he was improperly sentenced to a consecutive sentence for carrying a firearm during a drug trafficking crime. Specifically, he contends that there was insufficient evidence to establish that he possessed the firearm in furtherance of a drug trafficking offense. Because Brame did not raise this issue before the district court, we review for plain error. To vacate Brame's sentence for plain error, we must find that (1) there was error; (2) the error was plain and obvious; (3) the error affected  Brame's substantial rights; and (4) the error impaired the fairness, integrity, or public reputation of the judicial proceedings. United States v. Duarte, 246 F.3d 56, 60 (1st Cir.2001).
> We note initially that Brame entered a conditional plea of guilty to all four counts of the indictment. Before Brame entered his plea, the government described the evidence that it planned to introduce at trial. Defense counsel assured the court that he had discussed the government's proffer with Brame. After hearing that defense counsel was satisfied that the government's evidence was sufficient to convict Brame on all four counts, the court asked Brame whether he disagreed with the government's proffer. Brame said that he did not disagree with any part of the proffer. Indeed, Brame said that, to the best of his knowledge, the information proffered by the government was true. The district court thereafter announced that it found a factual basis for Brame's plea.
> Contrary to what he professed at the plea hearing, Brame now contends that the government's evidence was not sufficient to establish that he possessed a firearm in furtherance of a drug trafficking offense as charged in Count Two. We are unpersuaded. The government's evidence, which Brame did not dispute, revealed that (1) soon after a witness observed Brame in what appeared to be a

>   drug trafficking transaction, Brame was found with both a baggie of crack cocaine and a loaded, operable handgun concealed on his person; (2) Brame was, at the time, a convicted felon who could not lawfully possess a handgun; and (3) the serial number on the handgun had been unlawfully obliterated. Such evidence provided ample basis for Brame's guilty plea. The district court's decision to impose a consecutive five-year sentence for carrying a firearm in furtherance of a drug trafficking felony was not erroneous, much less plainly erroneous.

Brame, 284 Fed.Appx. at 819-20 (footnote omitted).   Brame is resurrecting this challenge in his 28 U.S.C. § 2255 motion and asserting his attorney was ineffective for advising him to plead guilty to drug trafficking when all he was guilty of was possession.  This led to his susceptibility for the firearms count he believes. He is mistaken.  Contrary to his current contention, he did not plead guilty to a "trafficking" offense.  And, it is not necessary for the United States to have evidence that he did more than possess the cocaine in order to demonstrate his guilt for carrying a firearm under 18 U.S.C. 924(c)(1)(A).  As 18 U.S.C. § 924(c)(2) provides:  "For purposes of this subsection, the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." 18 U.S.C. § 924(c)(2).  See also Lopez v. Gonzales, 549 U.S. 47, 55 n. 6 (2006); United States v. Cuevas, 75 F.3d 778, 783 (1st Cir. 1996).

### *Conclusion*

Having screened this 28 U.S.C. 2255 motion pursuant to Rule Governing Section 2255 Proceedings 4(b), I recommend that the Court deny Brame § 2255 relief.  I further recommend that a certificate of appealability should not issue in the event Bramae files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

3

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

May 14, 2010.